# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **DEANDRE SIMMONS**, *et al.*, | *<br>* |
| *Plaintiffs,* | *<br>* |
| v. | * Case No. RWT 17-cv-0617<br>* |
| **APPLE, INC.,** | *<br>* |
| *Defendant.* | *<br>* |

## **MEMORANDUM OPINION**

On March 3, 2017, the Plaintiffs, Deandre Simmons and Darius Green, IV (collectively Plaintiffs), filed a Complaint in this Court against Apple Inc. ("Apple") for claims arising out of an incident at one of Apple's stores on June 17, 2016. ECF No. 1 ¶ 17. Plaintiffs allege six counts against Apple, including racial discrimination in violation of (1) the Contracts Clause of 42 U.S.C. § 1981; (2) the Equal Benefits Clause of 42 U.S.C. § 1981; (3) 42 U.S.C. § 1982; (4) the Deprivation of Rights and Privileges Section of 42 U.S.C. § 1985; (5) State Government Article, § 20-304, Annotated Code of Maryland; and (6) the torts of negligent hiring, training, retention, and supervision. ECF No. 1 at 7–10.

On June 6, 2017, Apple filed a Motion to Dismiss for Failure to State a Claim. ECF No. 8. To date, Plaintiffs have not filed a response, and the deadline to do so has long ago passed. On July 10, 2017, Law Clerk for the undersigned advised the secretary for Plaintiffs' Counsel that no response has been filed, and the Law Clerk also left a message on the voicemail of Plaintiffs' Counsel informing him of the same and inquiring as to the status of the case. To date, Plaintiffs' Counsel has neither returned the Court's call nor filed any response

electronically. The Court's patience is not endless. Accordingly, the Court will now address the merits of Apple's Motion, which is unopposed.

## I. Background Facts from the Complaint

On June 17, 2016, Plaintiffs visited Apple's store at 4860 Bethesda Avenue, Bethesda, Maryland. ECF No. 1 ¶ 17. While waiting in line for assistance, "Plaintiffs were subjected to constant stares and glares by Apple Store employees." *Id.* When called to the purchasing counter, Plaintiffs purchased two iPhones for $793.94 each. *Id.* ¶ 18. They allege that, sometime during their time in the store, "Apple Store employees called 911 to report two suspicious black men at the store and summoned the local police department to the location." *Id.* ¶ 10. "Upon opening the store door to exit, the Plaintiffs were accosted by two uniformed Montgomery County Sherriff's Department officers who detained them for almost an hour in front" of the store. *Id.* ¶ 19. Plaintiffs claim that "Apple Store and its employees profiled the Plaintiffs as either shoplifters or as persons committing fraud or other crimes of deceit, causing them to be unlawfully detained by Montgomery County Maryland Sheriff's Department." *Id.* ¶ 11. The Plaintiffs were not charged with any criminal offense related to the incident. *Id.* ¶ 19. Plaintiffs allege that, as a result of Apple's actions, they "have suffered irreparable loss and injury, including but not limited to deprivation of civil rights protected by the Constitution, economic loss, mental anguish, feelings of distrust, public humiliation and denigration, loss of sleep, and loss of enjoyment of life and daily activity." *Id.* ¶ 22.

## II. Motion to Dismiss Legal Standard

Apple moved to dismiss Plaintiffs' Complaint under Fed. R. Civ. P. 12(b)(6) for failure to "allege facts sufficient to state any claim as a matter of law." ECF No. 8 at 1. A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of

a complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Thus, '[i]n reviewing a motion to dismiss an action pursuant to Rule 12(b)(6)... [a court] must determine whether it is plausible that the factual allegations in the complaint are enough to raise a right to relief above the speculative level.'" *Monroe v. City of Charlottesville, Virginia*, 579 F.3d 380, 386 (4th Cir. 2009) (quoting *Andrew v. Clark*, 561 F.3d 261, 266 (4th Cir. 2009)).

On a motion to dismiss, courts must accept "all well-pleaded allegations of the complaint as true," *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and "must construe factual allegations in the light most favorable to the plaintiff." *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir.1999). Courts, however, "are not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Rule 8 "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 n.3 (quoting Fed. R. Civ. P. 8(a)(2)).

### III. Analysis

Apple's Motion appears to be meritorious. For the reasons described below, the Complaint will be dismissed in its entirety.

#### A. Count I Alleging a Violation of the Contracts Clause of 42 U.S.C. § 1981

The Contracts Clause of § 1981 requires that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce

contracts. . . as is enjoyed by white citizens." 42 U.S.C. § 1981(a). The statute defines the phrase "make and enforce contracts" as "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b).

As a preliminary matter, the Court finds that this Count must be dismissed because there is nothing in the Complaint demonstrating how Apple interfered with either the making or performance of a contract. The contracts at issue between Apple and each Plaintiff were made when Apple agreed to sell each Plaintiff an iPhone. *See* ECF No. 1 ¶ 18. The parties performed on the contracts when Plaintiffs exchanged $793.94 for each iPhone and Apple provided Plaintiffs with said phones. *See id.* Accordingly, there was no unlawful interference with Plaintiffs' ability to make and enforce contracts in violation of 42 U.S.C. § 1981, and this Count will be dismissed. *See, e.g.*, *Baltimore-Clark v. Kinko's Inc.*, 270 F. Supp. 2d 695, 699–700 (D. Md. 2003) (42 U.S.C. § 1981 not violated where plaintiff entered store, purchased services, and left with purchased product—even when plaintiff alleged that the employee's comments humiliated plaintiff and undermined enjoyment of contracting experience).

### B. Count II Alleging a Violation of the Equal Benefits Clause of § 1981

While the Court finds Plaintiffs' allegations in Count II to be confusing, the Court reads this count as alleging a violation of 42 U.S.C. § 1981(b)'s requirement that Plaintiffs be afforded "the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship" as white citizens. 42 U.S.C. § 1981. For the reasons stated *supra* Part III.A, this Count will be dismissed.

### C. Counts III, IV, V, and VI

Regardless of their specific cause of action, Counts III, IV, V, and VI all require the Plaintiffs to sufficiently allege factual matter that Apple *intentionally* discriminated against the Plaintiffs. Ignoring all of the "legal conclusion[s] couched as [] factual allegation[s]," *see Papasan*, 478 U.S. at 286, Plaintiffs have failed to allege "sufficient factual matter, [even if] accepted as true, to state a claim to relief that is plausible on its face." *See Iqbal*, 556 U.S. at 678 (internal quotation marks omitted) (citation omitted).

While legal conclusions couched as factual allegations abound, the Complaint is devoid of factual matter to support these legal conclusions. Of the minimal factual matter alleged, Plaintiffs seem to base their claims in these counts on two primary facts. First, while in the store "Plaintiffs were subjected to constant stares and glares by Apple Store Employees." ECF No. 1 ¶ 17. Second, sometime during their time in the store, "Apple Store employees called 911 to report two suspicious black men at the store and summoned the local police department to the location." *Id.* ¶ 10. Even when the Court accepts these factual allegations as true, they do not, as a matter of law, show that Plaintiffs are entitled to relief. *See Twombly*, 550 U.S. at 556 n.3 (Rule 8 "requires a 'showing,' rather than a blanket assertion, of entitlement to relief") (quoting Fed. R. Civ. P. 8(a)(2)). Conclusory statements that Plaintiffs "were racially profiled before, during and after the purchase of their Apple products," ECF No. 1 ¶ 10, and "were subjected to race discrimination while shopping and purchasing Apple Inc. products," *id.* ¶ 9, cannot—based on the facts alleged—constitute reasonable inferences sufficient to survive a motion to dismiss. *See McCleary-Evans v. Maryland Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 588 (4th Cir. 2015) (holding that treating similar conclusory allegations as plausible inferences would allow "any qualified member of a protected class who alleges nothing more than that she was

denied a position or promotion in favor of someone outside her protected class. . . to survive a Rule 12(b)(6) motion."), *cert. denied*, 136 S. Ct. 1162 (2016). Accordingly, these counts must be dismissed.

### IV. Conclusion

For the reasons stated above, the Complaint will be dismissed in its entirety. A separate order will follow.

Date: August 1, 2017  /s/
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE